IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**UNITED STATES OF AMERICA,**

**vs.**
            Case No. 4:03cr11-RH
            Case No. 4:04cv292-RH/WCS

**ARMANDO HERNANDEZ,**

  **Defendant.**

_____/


## REPORT AND RECOMMENDATION TO GRANT § 2255 MOTION

  Defendant, proceeding pro se, filed a 28 U.S.C. § 2255 motion, memorandum of law, and affidavit in support. Docs. 38-40. Defendant asserted, *inter alia*, that after sentencing he instructed counsel to file a notice of appeal, that he also wrote a letter instructing that a notice of appeal be filed, and that Defendant's mother contacted counsel who assured her he would file a notice of appeal. Doc. 38, p. 4. A notice of appeal was never filed. Defendant was sentenced on August 18, 2003, and judgment was entered on the docket on August 20, 2003. Docs. 30 (minutes) and 33 (judgment).

  The Government filed a response to the § 2255 motion. Doc. 52. Counsel entered a notice of appearance for Defendant, and filed a reply with exhibits. Docs. 56, 60, 61. Defendant has supplied the affidavit of Mariella Diaz (Defendant's mother),

stating that she talked to counsel and his secretary, who told her the proper steps had been taken.  Doc. 60, Ex. A.  Telephone records confirm calls made to counsel's office[1] in June, July, August, September, and October of 2003.  Ex. B, pp. 1-4.  Most significantly, Defendant was sentenced on August 18, 2003, and two calls were made to counsel's office on August 28, one call was made on September 8, and one call was made on September 10, 2003.  *Id.*, pp. 2 and 5.

A stipulation of parties has now been filed.  Doc. 61.  The parties do not agree on other substantive issues, but agree that justice would be served by reinstating the judgment so that Defendant could file a timely notice of appeal.  *Id.*

Defendant has shown that he instructed counsel to file a notice of appeal, his mother was assured that counsel would do so, and that but for counsel's failure to do so he would have appealed.  The Government does not refute these claims, a stipulation was filed, and there is no reason to hold a hearing.  Counsel's disregard of specific instructions to file a notice of appeal deprived Defendant of any appellate proceeding at all, and prejudice is presumed.  Roe v. Flores-Ortega, 528 U.S. 470, 477-484, 120 S.Ct. 1029, 1035-39, 145 L.Ed.2d 985 (2000).

As requested in the stipulation, the appropriate relief is to vacate the criminal judgment, reimpose the same sentence, and advise Defendant of his right to appeal and that he has 10 days from the judgment to file a notice of appeal.  United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000).

---

[1] The telephone calls were made to a telephone number in Miami.  The number is the same as the number for former counsel (Gustavo Lage) as reflected on the docket.

Pursuant to the pleadings and the stipulation of the parties (doc. 61), it is respectfully **RECOMMENDED** that: Defendant's § 2255 motion (doc. 38) be **GRANTED IN PART**, this court vacate the criminal judgment (doc. 33), reimpose the same sentence, and advise Defendant that he has ten days from entry of the new judgment on the criminal docket in which to file a notice of appeal.

**IN CHAMBERS** at Tallahassee, Florida, on March 7, 2005.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case Nos. 4:03cr11-RH and 4:04cv292-RH/WCS