IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


UNITED STATES OF AMERICA,

v.                                                              CASE NO. 4:03cr11-RH/WCS
                                                                         4:04cv292-RH/WCS

ARMANDO HERNANDEZ,

     Defendant.

_____/


### ORDER DIRECTING CLERK TO SET TELEPHONE HEARING

Defendant seeks relief under 28 U.S.C. §2255 based on his attorney's ineffective assistance in failing to perfect an appeal as instructed. The government has stipulated that relief should be granted on this basis.

In these circumstances I ordinarily would conduct no hearing. Instead, I ordinarily would enter an order granting the §2255 motion and vacating the original judgment, and I ordinarily would enter an amended judgment imposing exactly the same sentence, thus reopening the period during which defendant may perfect an appeal. This is the appropriate remedy in these circumstances. *See United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000).

Prior to entering the amended judgment in the case at bar, however, I will

conduct a hearing by telephone to determine the parties' position on the issue of whether a new sentencing hearing should be conducted. In a prior case involving a similarly ineffective attorney who did not perfect an appeal, I addressed this issue as follows:

> A new sentencing hearing will not be conducted. When, as here, the governing law requires reimposition of exactly the same sentence as has already been imposed, a new sentencing hearing would serve no purpose. This is especially so when, as here, the original sentencing hearing was conducted properly in all respects, and defendant was fully and properly advised of the right to appeal; relief has been granted only because of ineffective assistance of defendant's attorney that occurred after completion and outside the scope of the sentencing hearing. A new sentencing hearing in these circumstances could impose very substantial costs by requiring transportation of the defendant back to the forum. This would sometimes be expensive (defendants sometimes are incarcerated hundreds or thousands of miles away) and sometimes would pose a danger to the public and the transporting marshals. The law of this circuit—and the law in most other circuits—recognizes that conducting a hearing to reimpose exactly the same sentence in these circumstances is not required. *See United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000) (requiring reimposition of same sentence as §2255 remedy for constitutional error resulting in defendant's failure to perfect timely appeal but not stating new sentencing hearing or defendant's presence were required); *United States v. Portillo*, 363 F.3d 1161, 1166 (11th Cir. 2004); *United States v. Jackson*, 923 F.2d 1494, 1496 (11th Cir. 1991); *United States v. Torres-Otero*, 232 F.3d 24 (1st Cir. 2000).

*United States v. Skinner*, No. 4:01cr11-RH, slip op. at 5 n.3 (N.D. Fla. Aug. 18, 2004), *aff'd*, 2005 WL 1123518 (11th Cir. Apr. 18, 2005) (unpublished table op.).

*Case No: 4:01cr11-RH and 4:02cv273-RH*

The only possible basis for adopting a different approach in the case at bar is that the Supreme Court now has decided *United States v. Booker*, 125 S. Ct. 738 (2005). *If* defendant intends to raise an issue on appeal based on *Booker*, an issue may be whether the same sentence would have been imposed in light of *Booker*. It is unclear whether one or both parties, or neither, might wish to have this issue addressed by this court prior to any appeal. It also may be unclear whether this issue properly could be addressed here even if one or both sides preferred that approach. So that these issues may be addressed, at least preliminarily, without the expense of having the defendant returned to this district and having the attorneys appear in person, a telephone hearing will be scheduled.

For these reasons,

IT IS ORDERED:

The clerk shall set a hearing by telephone for the first available date on or after June 15, 2005. The attorneys for each side and the defendant himself shall attend by telephone.

SO ORDERED this 26th day of May, 2005.

                                          s/Robert L. Hinkle
                                          Chief United States District Judge